UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DOUGLAS WARDROP** | : | **DOCKET NO. 2:23-cv-384** |
| D.O.C. # 08043081 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **LOUISIANA WORKFORCE, LLC, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a civil rights complaint (doc. 1) filed pursuant to 42 U.S.C. § 1983, by Douglas Wardrop, who is proceeding pro se and in forma pauperis in this matter. Wardrop is an inmate in the custody of the Louisiana Department of Corrections ("LDOC"), currently in the custody of the Beauregard Parish Transitional Work Program in DeQuincy, Louisiana. He names the following as defendants: (1) Louisiana Workforce, LLC; (2) Johnny Smith; (3) Mike Koffman; (4) Major Propst; (5) Ms. Smith; and (6) Jane Does. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

Plaintiff's complaint makes the following allegations:

1. No access to law library or legal assistance since his arrival at the facility on October 13, 2022;
2. No access to regular library;
3. Not allowed to receive any books;
4. Not able to receive mail;
5. No indigent stamps, pens or paper is distributed;

      6. Unit store steals money and changes/raises prices without notice;

      7. Notary public costs $25;

      8. Staff and administration use threats and intimidation; and

      9. Staff lie on statements.

Doc. 1, p. 3.

## II.
## LAW & ANALYSIS

### A. Frivolity Review

Wardrop has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

> (1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;
>
> (2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;
>
> (3) the place and date(s) that each event occurred; and
>
> (4) a description of the alleged injury sustained as a result of the alleged violation.

### D. Improper Defendants

#### a. Supervisory Defendants

Plaintiff has named the Warden Johnny Smith and Assistant Warden Mike Koffman as defendants. It appears that he has named them in their supervisory capacities. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts

that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), cert. denied, 113 S.Ct. 2443 (1993). "Vicarious liability does not apply to § 1983 claims*." Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 115 S.Ct. 1957 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 104 S.Ct. 248 (1983).  In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by those defendants.

### b.  *Louisiana Workforce, LLC*

Plaintiff names Louisiana Workforce, LLC as a defendant, yet fails to state any facts to show (1) that a constitutional right has been violated by Louisiana Workforce, LLC, and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that Louisiana Workforce, LLC was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).  He should amend to do so.

### E.  Claims

#### a.  *Not Receiving Books/Regular Mail/Legal Mail*

With respect to his vague claims that he is not receiving mail or books, plaintiff should amend to comply with the requirements of Rule 8, set forth above.

#### b.  *No Indigent Writing Materials*

With respect to non-legal mail, plaintiff's claim that he is not provided with indigent writing materials (stamps, pen, paper), should be dismissed, because an inmate simply "does not have a freestanding constitutional right to free postage." *Walker v. Davis*, 533 Fed. App'x 471 (5th

Cir. 2013), *cert. denied*, 134 S. Ct. 643 (2013); *accord Lee v. Perry*, No. 93-4291, 1993 U.S. App. LEXIS 40950, 1993 WL 185752 (5th Cir. May 19, 1993).

However, because inmates have a recognized right of access to the courts, indigent inmates must be provided with postage for the purpose of sending legal mail. As the Supreme Court noted in *Bounds v. Smith*, 97 S. Ct. 1491, 1496 (1977): "[O]ur decisions have consistently required States to shoulder affirmative obligations to assure all prisoners meaningful access to the courts. It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Id*. Reflecting on the foregoing language, the United States Second Circuit Court of Appeals has nevertheless noted that the right has limitations:

> In its opinion in *Bounds*, the Court also stated that "[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents ... and with stamps to mail them." 97 S. Ct. at 1496. Although this statement itself was unqualified, we do not read it as requiring that the indigent inmate be provided unlimited free postage, but only that he not be denied "a reasonably adequate" (id. at 1496) amount of postage to present his claimed violations of fundamental constitutional rights to the courts. *Accord Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978) (per curiam); *Guajardo v. Estelle*, 580 F.2d 748, 762-63 (5th Cir. 1978); *Bach v. Coughlin*, 508 F.2d [303,] 307 [7th Cir. 1974)]. Thus, a state is entitled to adopt reasonable postage regulations in light of, for example, prison budgetary considerations. *Id*. at 307-08; cf. *Bounds v. Smith*, 97 S.Ct. at 1496 (Court's determination that adequate library facilities must be provided was "not to say that economic factors may not be considered ... in choosing the methods used to provide meaningful access").

*Chandler v. Coughlin*, 763 F.2d 110, 114 (2nd Cir. 1985); *accord Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) ("Inmates do not have a right ... to unlimited stamp allowances for legal mail. Instead, the duty to make such arrangements is bounded by the inmates' right of meaningful access to the courts.").

Therefore, it is clear that reasonable limits on the amount of free legal mail an inmate may send are permissible, so long as they do not infringe on an inmate's right to meaningful access to the courts. However, when an inmate challenges the reasonableness of such limitations, he "must provide some basis for his allegation that the delay or failure in delivering his legal mail deprived him of meaningful access to the courts." *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). Therefore, "to state a claim based on delay or interference with the mail, a plaintiff must show actual injury. In this context, an inmate shows an actual injury by establishing that his position as a litigant was prejudiced due to the disputed acts." *Weatherspoon v. Ferguson*, 302 Fed. App'x 231 (5th Cir. 2008) (citation and quotation marks omitted). In order to demonstrate the prejudice necessary to support such a claim, "a prisoner must show that his ability to pursue a nonfrivolous legal claim was hindered by the actions of the defendants," such as by providing "concrete evidence to demonstrate that defendants' actions caused him prejudice by hindering the progression of his current cases or the pursuit of future litigation." *Lockamy v. Dunbar*, 399 Fed. App'x 953, 955 (5th Cir. 2010).

Wardrop should amend his complaint to allege facts to demonstrate that the defendants' actions caused him prejudice by hindering the progression of his current cases or the pursuit of future litigation or dismiss this claim.

### c. *No Access to Law Library/Notary Services*

The right to access courts, which a claim for inadequate access to legal resources or law library would be subsumed under, is "incorporated into the First Amendment right to petition the government for redress of grievances," applicable through the Fourteenth Amendment. *Hamilton v. Gautreaux*, No. 16-117, 2016 U.S. Dist. LEXIS 148329, 2016 WL 6306107, at *2 (M.D. La. Oct. 6, 2016) (citing *Driggers v. Cruz*, 740 F.3d 333, 336-37 (5th Cir. 2014) (citing *Bill Johnson's*

*Rest., Inc. v. N.L.R.B.,* 103 S. Ct. 2161 (1983))), R&R adopted 2016 U.S. Dist. LEXIS 148202, 2016 WL 6398914 (M.D. La. Oct. 26, 2016). Wardrop claims he has had no access to a law library since his arrival on October 13, 2022, and complains that notary services are $25, even for indigent inmates.

Prisoners, including pretrial detainees[1], have a fundamental constitutional right of meaningful access to the courts. *Mendoza v. Strickland*, 414 F. App'x 616, 618 (5th Cir. 2011) (citing *Bounds v. Smith,* 97 S. Ct. 1491 (1977), abrogated by *Lewis v. Casey,* 116 S. Ct. 2174 (1996)). "Prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id*. The right to access courts is ancillary to an underlying nonfrivolous claim or cause of action, which "is an element that must be described in the complaint, just as allegations must describe the official acts frustrating the litigation." *Id*. (internal quotations omitted) (*quoting Christopher v. Harbury*, 122 S. Ct. 2179 (2002). Thus, a prisoner's right to access courts is limited to allowing opportunities to file nonfrivolous claims challenging their convictions or conditions of confinement. *Galloway v. Nesbit*, No. 20-170, 2020 U.S. Dist. LEXIS 212421, 2020 WL 6704568, at *1 (N.D. Miss. Nov. 13, 2020) (citing *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)).

To provide meaningful access to courts, prisons must provide the legal materials and "tools . . . that the inmates need in order to attack their sentences, directly or collaterally." *Lewis,* 116 S.Ct. at 2182. The right does not guarantee any particular methodology, and prisons have "considerable" discretion in providing legal resources to prisoners. *James v. Mendoza*, No. 8-253, 2008 U.S. Dist. LEXIS 91185, 2008 WL 4858372, at *4 (S.D. Tex. Nov. 10, 2008) (citing *Lewis*,

---

[1] *Wetzel v. Strain*, No. 9-7048, 2010 U.S. Dist. LEXIS 17365, 2010 WL 744993, at *3 (E.D. La. Feb. 26, 2010) (citations omitted).

116 S.Ct. at 2182); *Jones*, 188 F.3d at 325).  Prisoners who allege their right to access courts has been violated must also demonstrate actual injury, such as loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding[2], resulting from denial of access to courts.  *Id.* (citing *Walker v. Navarro Cnty. Jail,* 4 F.3d 410, 413 (5th Cir. 1993); *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987)).  "[A]n inmate cannot demonstrate the requisite actual injury for an access-to-courts claim 'simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense[,]'" rather a prisoner must establish that his efforts to pursue a nonfrivolous action were hindered.  *Brantner v. Freestone Cnty. Sheriff's Office,* No. 20-50528, 2022 U.S. App. LEXIS 15924, 2022 WL 2077960, at *3 (5th Cir. 2022) (citing *Lewis*, *supra*; *DeMarco v. Davis*, 914 F.3d 383, 387 (5th Cir. 2019)).  Without a showing of this actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts.  *Weathers v. Doe*, No. 05-54, 2008 U.S. Dist. LEXIS 35130, 2008 WL 1924231, at *2 (S.D. Tex. Apr. 29, 2008) (citing *Raines v. Byrd*, 117 S. Ct. 2312, 2317 (1997)) ("To meet the standing requirement, plaintiff 'must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief' . . . Plaintiff 'must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him.'").

      Outside of providing a law library or legal assistance programs, a prisoner's right to access courts is satisfied when the prisoner has legal counsel for the underlying claim or cause of action for which he asserts he cannot pursue or defend.  *Mendoza*, 414 F. App'x at 618-19 (affirming district court's decision that Plaintiff could not assert his right to access the courts was infringed in relation to his plea deal as he was represented by counsel in that federal case) (citing *Tarter v.*

---

[2] *Galloway*, 2020 U.S. Dist. LEXIS 212421, 2020 WL 6704568, at *1 (citing *Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970)).

*Hury*, 646 F.2d 1010, 1014 (5th Cir. 1981) (dismissing a complaint for failure to state a claim because "[a]s long as a criminal defendant is represented by counsel, he will be able to present matters for decision to the court through motions filed by his attorney.")).

Wardrop should amend his complaint to allege facts to establish that the lack of access to a law library and indigent notary services has violated his constitutional right for meaningful access to the courts and prevented him from making filings in either a state criminal suit, or that he seeks to research or submit filings in a nonfrivolous civil suit.

### d. *Commissary Stealing Money*

Plaintiff alleges that the commissary is stealing his money.

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." USCA CONST Amend. XIV. However jurisprudence makes it abundantly clear that a prisoner's claim for random deprivation of personal property is not cognizable under §1983. In *Parratt v. Taylor*, 101 S. Ct. 1908 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Supreme Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id*., 101 S.Ct. at 1917.

The Due Process Clause does not embrace tort law concepts. *Id*. Although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford the prisoner a remedy. *Id*.

Even in instances where an intentional deprivation occurs, when an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. *Hudson v. Palmer*, 104

S.Ct. 3194, 3203 (1984); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). This principle known as the *Parratt/Hudson* doctrine states that a random and unauthorized deprivation of a property or liberty interest does not violate procedural due process if the State furnishes an adequate post-deprivation remedy. *See Caine v. Hardy*, 943 F.2d 1406, 1412 (5th Cir.1991).

In this case, plaintiff's allegations, accepted as true for purposes of this evaluation, demonstrate that an intentional and unauthorized deprivation occurred concerning plaintiff's personal property. If adequate state law remedies are available, no further due process is required under the Constitution.

Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort (conversion) committed by employees of the Beauregard Parish Transitional Work Program. *See*, La. Civil Code, Article 2315. This provision of state law which is the general tort provision of the Civil Code provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee,* 951 F.2d 638 (5th Cir.1992), *cert. denied*, 112 S. Ct. 2994 (1992). A liberal construction of plaintiff's allegations fails to support a Fourteenth Amendment violation as the claim before the court is clearly barred by the *Parratt/Hudson* doctrine. Plaintiff's property deprivation claim is not a cognizable claim under §1983 and he should dismiss this claim.

### e. Commissary Raises/Changes Prices

The law is clear that inmates have no constitutionally protected interest in purchasing goods through the prison commissary at the cheapest price possible. *Grice v. Blanco*, No. 07-0617, 2007 U.S. Dist. LEXIS 76576, 2007 WL 2908826 (W.D.La. Jul. 18, 2007) (unpublished), at *13, The court in *Grice* relied on the Supreme Court's decision in *Wolff v. McDonnell*, which held that "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights

are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." 94 S. Ct. 2963, (1974). Plaintiff should dismiss this claim.

### *f. Staff Uses Threats, Lies and Intimidation*

Plaintiff complains that the staff uses threats, intimidation, and lies on statements and other forms. However, it is well settled that crude, unprofessional, or harassing remarks, even verbal threats by prison staff to an inmate, do not rise to the level of a constitutional violation. *Field v. Corr. Corp.,* 364 F. App'x 927, 930 (5th Cir. 2010). *See also Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) (holding that "claims of verbal abuse are not actionable" constitutional claims); *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (concluding that verbal threats do not rise to the level of a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1991) (citing *Bender v. Brumley*, 1 F.3d 271 (5th Cir. 1993)) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under Section 1983."). Plaintiff should dismiss this claim.

## IV.
### CONCLUSION

Wardrop must amend his complaint to address the deficiencies described above, and to dismiss the claims and parties that cannot be cured through amendment.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Wardrop at his last address on file.

**IT IS ORDERED** that Wardrop amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co*., 82 S. Ct. 1386 (1962). Wardrop is further required to notify the court of

any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 31st day of May, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE