UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DOUGLAS WARDROP** | : | **DOCKET NO. 2:23-cv-384** |
| **D.O.C. # 08043081** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **LOUISIANA WORKFORCE, LLC, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (doc. 1), filed pursuant to 42 U.S.C. § 1983, by plaintiff Douglas Wardrop, who is proceeding pro se and *in forma pauperis* in this matter. Plaintiff brings numerous civil rights claims against the following defendants: (1) Louisiana Workforce, LLC; (2) Johnny Smith; (3) Mike Koffman; (4) Major Propst; (5) Ms. Smith; and (6) Jane Does. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.
#### BACKGROUND

Plaintiff's complaint makes the following allegations:

1. No access to law library or legal assistance since his arrival at the facility on October 13, 2022;
2. No access to regular library;
3. Not allowed to receive any books;
4. Not able to receive mail;
5. No indigent stamps, pens or paper is distributed;
6. Unit store steals money and changes/raises prices without notice;
7. Notary public costs $25;
8. Staff and administration use threats and intimidation; and
9. Staff lie on statements.

Doc. 1.

On May 31, 2023, the undersigned ordered Wardrop to amend his complaint to provide additional information regarding his claims. Doc. 10. On June 23, 2023, plaintiff asked for an extension of time to file his amended complaint (doc. 11), which was granted by the undersigned on June 29, 2023 (doc. 13). Plaintiff was given until July 31, 2023, to file an amended complaint. Plaintiff has not filed an amended complaint in accordance with the Order.

## II.
## LAW & APPLICATION

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Wardrop has failed to comply with an Order directing him to amend his complaint. This failure on his part warrants dismissal.

## III.
## CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Wardrop's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond

to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 5th day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE